<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKMID SHADEE SUTTON, | **Hon. Stanley R. Chesler** |
| Plaintiff, | Civil No. 09-0602 (SRC) |
| v. | |
| STATE OF NEW JERSEY, et al., | <u>OPINION</u> |
| Defendants. | |

**APPEARANCES**:

AKMID SHADEE SUTTON, #458847/302376C, <u>Pro Se</u>
East Jersey State Prison
Lock Bag R
Rahway, NJ  07065

<u>CHESLER</u>, District Judge

Plaintiff Akmid Shadee Sutton, a prisoner at East Jersey State Prison, seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this Court will grant <u>in forma pauperis</u> status to Plaintiff.  As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint.

**I.  BACKGROUND**

Plaintiff asserts violation of his constitutional rights under 42 U.S.C. § 1983 by the State of New Jersey, the Department of Corrections, and the Classification Department of East Jersey State Prison.  He asserts that Defendants miscalculated his projected maximum release date as

August 30, 2010, when it should be July 14, 2010. Plaintiff states that he sought, and was denied, relief through the administrative remedy program available to New Jersey prisoners. Plaintiff asks this Court to correct his projected maximum release date, to remove the persons responsible for this error from their positions, and to award ten million dollars in damages.

## II. LEGAL STANDARD

The Court is required, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court must sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). As for failure to state a claim, the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

2

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's legal conclusions. See Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's claim for release is barred by Preiser v. Rodriguez, 411 U.S. 475 (1973), and his damage claim is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Preiser, the Supreme Court ruled that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," which requires the exhaustion of state court remedies. Preiser, 411 U.S. at 500.[1] In Heck, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional . . . imprisonment . . . , a § 1983 plaintiff must prove that the conviction or sentence [or administrative determination] has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87; see also Muhammad v. Close, 540 U.S. 749, 751 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). As the Supreme Court explained,

---

[1] See also Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987) (inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under §1983).

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Because neither Plaintiff's request for re-calculation of his release date nor his request for damages based on miscalculation of his release date is cognizable under 42 U.S.C. § 1983, the Complaint will be dismissed.[2]

## IV. CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

STANLEY R. CHESLER, U.S.D.J.

Dated: February 24, 2009

---

[2] "When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" United States v. Miller, 197 F.3d 644, 652 n.7 (3d Cir. 1999).

5